# Richmond

CHARLES D. GALE v. ZABAN'S MATTRESS & BOX SPRING COMPANY AND HARDWARE MUTUAL CASUALTY COMPANY.

November 27, 1950.

Record No. 3746.

Present, Gregory, Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*Robert Lewis Young*, for the appellant.

*Parrish, Butcher & Parrish* and *Edmund W. Hening, Jr.*, for the appellees.

EGGLESTON, J., delivered the opinion of the court.

On July 26, 1948, Charles D. Gale filed with the Industrial Commission a written application for a hearing to determine whether he was entitled to compensation because of an alleged incapacity for work, beginning on the preceding April 24, arising out of and in the course of his employment by Zaban's Mattress & Box Spring Company at Richmond. He alleged that his illness was "probably byssinosis plus tuberculosis." Byssinosis is an industrial disease of the lungs caused by inhaling cotton dust or lint. Gale had been employed as a mattress finisher in the Zaban plant from the middle of October, 1946, until April 24, 1948.

Shortly before the hearing counsel for the employer, invoking section 64 of the Workmen's Compensation Act (Code of 1950, sec. 65-87), wrote the Commission requesting that it appoint Dr. Percy E. Schools, a chest consultant at Richmond, to make a medical examination of the claimant. The suggestion was renewed at the hearing and concurred in by counsel for the claimant. While the hearing commissioner indicated that he would do so, he did not call upon Dr. Schools to make the proposed examination and report.

By stipulation of counsel certain reports on · claimant's condition and the cause thereof, made by other physicians, were offered in evidence. It is not necessary that these be detailed. Suffice it to say, that they clearly and definitely indicate that the claimant's incapacity was due to advanced pulmonary tuberculosis which was possibly "superimposed on (an) occupational disease," or "believed to be associated with an occupational factor." None of the reports stated definitely that the claimant was a victim of byssinosis, or of any other disease caused by his exposure to cotton lint or dust.

After a review of the file, J. Fulmer Bright, M. D., medical advisor to the Commission, reported that: "Since it requires from ten to twenty years for the development of byssinosis to totally incapacitate a sufferer,[1] and since this man was employed for a period of less than one year and a half, it is altogether improbable that his occupation at this particular plant is responsible for the condition. In my opinion the claimant's illness is due to pulmonary tuberculosis."

The evidence was conflicting as to whether the claimant had been exposed to the hazard of byssinosis while in the employ of the Zaban Company. The testimony of the claimant tended to show that he had been, while that on behalf of the employer was to the effect that the ventilating system in the plant was such as to prevent such a hazard.

The testimony of the claimant showed that he had been working in a similar trade for more than thirty years before coming to Virginia, in 1946. After coming to this State he was similarly employed for about two and one-half months by the Blackburn Mattress Company at Richmond, and, as has been stated, his employment by Zaban's Mattress & Box Spring Company was from October, 1946, to April, 1948.

[1] See Public Health Bulletin No. 297, "A Review of the Literature Relating to Affections of the Respiratory Tract in Individuals Exposed to Cotton Dust," U. S. Government Printing Office (1947), p. 43 ff.

In a written opinion the hearing commissioner assumed that the claimant had "byssinosis which is complicated by tuberculosis," but found as a fact that he had not been exposed to the hazards of the disease while in the employ of the Zaban Company. He based this finding upon the evidence on behalf of the employer, that the ventilating system in the Zaban plant was such as to prevent such a hazard, and upon the medical reports which showed that the claimant could not have contracted byssinosis during the short period of his employment by the Zaban Company. Accordingly, there was an award denying compensation.

Upon a review before the full Commission the majority affirmed the award of the hearing commissioner.

Commissioner Martin dissented upon the ground that since at the hearing "it was distinctly understood and agreed that the claimant would be examined by Dr. P. E. Schools for the purpose of determining whether or not he had byssinosis," the case should be restored to the docket for the purpose of having such examination and a report thereon.

The sole assignment of error is that the Commission "erred in deciding adversely to him claimant's application for compensation before the evidence was fully developed in accordance with the suggestion of the hearing commissioner and agreement of counsel for the respective parties."

The assignment, as thus stated, is based upon the premise that there was an "agreement of counsel for the respective parties" that the final determination of the matter should await the examination of the claimant by Dr. Schools and his report thereon. A close reading of the record fails to show that such agreement was entered into.

At the opening of the hearing counsel for the employer, after stating his willingness to submit the case on the medical reports which had thus far been collected, said: "With further respect to the medical evidence in the case we would

like to note that under section 64[2] of the Workmen's Compensation Act that the Commission, if it so sees fit, in its discretion, (may) appoint a qualified medical witness to examine and make a report of the entire matter on the case." To this, the then counsel for the claimant replied: "We concur in the motion."

The medical reports which had been collected were offered in evidence. The hearing commissioner, after having observed that there was no "definite diagnosis" that claimant was suffering from an "occupational disease," said: "What I have in mind is to have Dr. Schools make an examination; he is probably the best qualified physician to do this." Counsel for the employer replied: "We would concur in that," and counsel for the claimant said: "We would be very glad to have Dr. Schools make the examination."

This falls short of an express agreement by counsel that a final determination of the case was to await the examination and report of Dr. Schools. It merely shows that counsel concurred in leaving the appointment of this physician, for the purpose of the examination, to the discretion of the hearing commissioner, as is contemplated by the statute. While the commissioner indicated that he would exercise this discretion in favor of such appointment, he made no express ruling or commitment that this would be done, or that the proceeding would be held up for the purpose.

The record does not disclose why the suggestion or request of counsel for an examination of the claimant by Dr. Schools was not acceded to by the hearing commissioner. Probably it was because the commissioner, having reached the conclusion, as indicated in his opinion, that the claimant had failed to show by a preponderance of the evidence that he had contracted byssinosis while in the employ of the

---

[2] "The Commission, or any member thereof, may, upon the application of either party or upon its own motion, appoint a disinterested and duly qualified physician or surgeon to make any necessary medical examination of the employee and to testify in respect thereto. * * * " (Code of 1950, section 65-87.)

Zaban Company, felt that it would serve no useful purpose to inquire into whether the claimant was at the present time actually a victim of the disease. But, in any event, there is nothing in the record to indicate that in declining the request the hearing commissioner abused the discretion which the statute lodged in him.

Under such circumstances, for us to grant the prayer of the appellant and remand this case to the Industrial Commission, with the direction that it appoint Dr. Schools or some other physician to examine the claimant, would be tantamount to the substitution of our discretion for that of the Commission.

There is another reason why the claimant should not prevail upon this appeal and application to reopen the case. The Rules of the Industrial Commission provide for the "reopening of the case and the taking of additional testimony" upon the filing of "a formal petition" "previous to the hearing upon review" by the full Commission. No such petition was filed in the present case, and, so far as the record discloses, no claim was made either before the hearing commissioner or the full Commission that counsel for the respective parties had agreed that the determination of the matter should await the examination and report of Dr. Schools, or that such evidence was material to the claimant's case, or that, if adduced, it would have produced a different result at the trial.

While the dissenting opinion of Commissioner Martin indicates that a reopening of the case was considered by the full commission, the determination of the majority not to do so may have been induced by the failure of the claimant to ask for a rehearing.

Having failed to apply to the Commission for a reopening of the case for the taking of this additional testimony, the claimant's application to the appellate court for the purpose comes too late.

Aside from these technical reasons why the claimant is not entitled to a reopening of the case, we find nothing

in the record to indicate that Dr. Schools' examination and report to the Commission would produce a different result at a new hearing. Indeed, the appellant's brief makes no claim that it would do so. Assuming that this physician found that the appellant-claimant is now suffering from byssinosis, this, of course, would not overcome the Commission's finding of fact that he had not been exposed to the hazards of the disease while in the employ of the Zaban Company.

We find no error in the proceeding before the Industrial Commission, and hence the award complained of is

*Affirmed.*